AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>Ronald Beasley CHANEY III<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:15 MJ 270-2<br>)<br>)<br>) |

NOV - 9 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 8, 2015__ in the county of __Richmond City, Virginia__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C 922(g)(1), 371 | Conspiracy to possess firearms after having been convicted of a felony. |

This criminal complaint is based on these facts:
Affidavit of Special Agent James Rudisill, FBI

☒ Continued on the attached sheet.

_____
*Complainant's signature*

James Rudisill, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/09/2015

/s/ _____
Roderick C. Young
United States Magistrate Judge
*Judge's signature*

City and state: Richmond, Virginia

United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James R. Rudisill, depose and say as follows:

1. Your Affiant has been a Special Agent with the FBI since 2012. Your Affiant is an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7) and is empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516. In Your Affiant's capacity as a FBI Special Agent, Your Affiant has participated in numerous counterterrorism and criminal investigations, which have involved the use of a variety of law enforcement techniques, including confidential sources and undercover officers, physical surveillance, electronic surveillance, wire surveillance, pen register and telephone toll analysis, Title III intercepts, investigative interviews, the preparation and execution of search and arrest warrants, and reviews of numerous taped conversations involving criminal activity.

2. I present this affidavit in support of a criminal complaint alleging violations of Title 18, United States Code, Sections 922(g)(1) and 371 by Robert Curtis DOYLE and Ronald Beasley CHANEY III.

3. The information contained in this affidavit is either based on your affiant's personal knowledge and observations, the knowledge and observations of cooperating sources and sources of information, or information relayed to your affiant by other federal and state law enforcement officers (collectively referred to as "Agents"). Information and intelligence provided in the investigation by confidential sources and/or sources of information has proven reliable, and when possible has been verified by physical surveillance and other investigative techniques. This affidavit is not intended to include every fact and matter known to your affiant or the United States of America, and I

have set forth only those facts necessary to support probable cause for the alleged violation.

4. DOYLE and CHANEY, and others known and unknown to the FBI, ascribe to a white supremacy extremist version of the Asatru faith. During the week of 09/20/2015, the FBI received information that DOYLE and others were going to have a meeting at DOYLE's residence on Sunday 09/27/2015 to discuss acting out in furtherance of their extremist beliefs by shooting or bombing the occupants of black churches and Jewish synagogues, conducting acts of violence against persons of the Jewish faith, and doing harm to a gun store owner in the state of Oklahoma. FBI surveillance on 09/27/2015, confirmed that a gathering of people did take place at DOYLE's residence, Chesterfield, Virginia, and vehicles were present at the location that are registered to DOYLE. The vehicle of DOYLE's associate, Ronald Beasley CHANEY III, was also identified at the residence.

5. On Sunday, 10/25/2015, DOYLE and CHANEY met with an FBI undercover agent, posing as an illegal arms dealer, and discussed future weapons purchases by DOYLE. At one point, DOYLE and the FBI undercover agent went to a separate vehicle where DOYLE handled and inspected silencers, and DOYLE placed an order for an automatic weapon, explosives, and a pistol with a silencer to be paid by DOYLE and delivered by undercover agents at a later date. DOYLE and CHANEY left the meeting together in a red Toyota Tundra. DOYLE set up a meeting to occur on November 8, 2015, where he intended to purchase the illegal weapons from the FBI undercover agent.

6. During a recorded meeting with CHANEY on this same day, and prior to the meeting with the undercover agent, CHANEY said, in reference to the meeting to purchase the guns, that "it just sounds like, it sounds like ATF to me. It sounds like a fucking Fed operation…infiltrate the fucking, you know our fucking people…"

7. During a recorded meeting with DOYLE after the 10/25/2015 meeting, DOYLE said about the impression of his associate, CHANEY: "He said he got a good feeling on the dude you know. The dude didn't come across you know…the dude was kind of sketched out in that place just like we were."

8. On Wednesday, 11/4/2015, at approximately 6:45 pm (EST), DOYLE sent a text message responding to the FBI undercover agent posing as an illegal arms dealer to confirm that the firearms transaction was still on for Sunday, 11/8/2015.

9. Again on Saturday, 11/7/2015, at approximately 4:30 pm (EST), DOYLE sent a text message responding to the FBI undercover agent posing as an illegal arms dealer to confirm that the firearms transaction was still on for Sunday, 11/8/2015.

10. On 11/8/2015, CHANEY attempted to purchase firearms and explosives from three undercover FBI Special Agents posing as illegal gun dealers. CHANEY exchanged U.S. currency and handled two firearms, silencers, as well as explosives, with the intent to purchase these weapons. The firearms in question previously traveled in interstate commerce. CHANEY was then apprehended and placed under arrest. DOYLE was also arrested later that day, and in a recorded interview, DOYLE was advised of his rights pursuant to *Miranda*, acknowledged that he understood those rights, and agreed to speak with law enforcement. DOYLE then stated that CHANEY wanted the guns, that CHANEY had DOYLE arrange for the gun purchase, and that the money used to purchase the guns was CHANEY's money.

11. Pursuant to a search warrant conducted on 11/8/2015 at DOYLE's residence, 9801 Candlelamp Lane in Chester, Virginia, members of the FBI Evidence Response Team recovered over 30 rounds of .45 caliber ammunition from a black back pack in the rear passenger seat of DOYLE's red Toyota Tundra.

One of the firearms specifically ordered by DOYLE was a .45 caliber pistol to be equipped with a silencer.

12. DOYLE is a previously convicted felon, with convictions for possession of and distribution of controlled substances, embezzlement, and grand larceny. According to his computerized criminal history, as maintained by the Virginia State Police, DOYLE had seven felony convictions prior to conspiring to the purchase of firearms and silencers on 11/8/2015. CHANEY has also been convicted of multiple felony charges prior to 11/8/15, including violent felonies.

13. Based on the information outlined in this affidavit, there is probable cause to believe that on or about November 8, 2015, in the Eastern District of Virginia, and within the jurisdiction of this Court, Robert Curtis DOYLE and Ronald Beasley CHANEY III did knowingly, voluntarily, and intentionally conspire with each other, and others known and unknown, to possess a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 371.

_____
James R. Rudisill
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this ___9th___ day of November, 2015 in the city of Richmond, Virginia

_____/s/_____
Roderick C. Young
United States Magistrate Judge